UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARTURO MARTINEZ, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-01852 |
| MCCARTHY, BURGESS & WOLFF, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes ARTURO MARTINEZ ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MCCARTHY, BURGESS & WOLFF, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq*. for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is headquartered in Cuyahoga County, Ohio, which lies within the Northern District of Ohio, and a substantial portion of the events that gave rise to this action occurred within the Northern District of Ohio.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age.

5. Defendant boasts that it "was founded by two collection veterans with one important goal in mind: to provide a simple, stress-free experience for clients looking to improve portfolio liquidation."[1] Defendant is a corporation organized under the laws of the state of Ohio and it is registered at 7275 Canyon Point Circle, Brecksville, Ohio 44140.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of Defendant's attempts to collect upon an outstanding debt for personal telecommunications services ("subject debt") that Plaintiff allegedly owed to Verizon Wireless ("Verizon").

8. After Plaintiff's purported default, the subject debt was placed with Defendant for collection purposes.

9. Around August 2021, Defendant began its collection campaign by placing calls to Plaintiff's phone.

10. Upon speaking with Defendant, Plaintiff was informed of its intent to collect the subject debt.

11. Shortly thereafter, Plaintiff and Defendant reached a settlement agreement for the subject debt.

---

[1] https://www.mbandw.com/index.php/about/

12. As part of the aforementioned settlement agreement, Defendant agreed to cease all collection activity as during the timeframe Plaintiff was allowed to make the settlement payment(s).

13. Yet, Defendant breached the terms of the settlement agreement by continuing to place collection calls to Plaintiff's phone during the timeframe in which it agreed to refrain from further collection activity.

14. Defendant also mailed a collection letter to Plaintiff in which it demanded payment in full, which ignored the terms of the settlement agreement between Plaintiff and Defendant.

15. Frustrated and embarrassed over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding his rights, resulting in exhausting time and resources.

16. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, embarrassment, aggravation that accompanies collection telephone calls, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

23. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

25. Defendant violated §1692e, e(2), and e(10) when it misrepresented the status of the subject debt. Defendant attempted to collect the full outstanding balance of the subject debt even though it had agreed to settle the subject debt for a lesser amount. Defendant's collection attempts after Plaintiff and Defendant reached a settlement agreement needlessly frustrated and confused Plaintiff.

26. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, Defendant acted deceptively by breaching the terms of the settlement agreement by continuing to attempt to collect the subject debt when it had agreed to cease all collection activity. Defendant's conduct only served to worry and confuse Plaintiff.

    b. **Violations of FDCPA § 1692f**

27. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

28. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by breaching the terms of the settlement agreement between Plaintiff and Defendant.

29. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, ARTURO MARTINEZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 29, 2021

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148

(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com